Filed 2/7/24  P. v. Hernandez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B323919 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA312691 |
| v. | |
| ARMANDO HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard S. Kemalyan, Judge.  Reversed and remanded with directions.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Armando Hernandez of the second degree murder of 16-year-old Giovanny Mancia.  More than a decade later, Hernandez filed a petition for resentencing under former Penal Code section 1170.95.[1]  The court summarily denied the petition on the ground Hernandez had not been convicted under either the felony murder rule or the natural and probable consequences doctrine.  The Legislature subsequently made changes to the law that eliminated murder convictions based on imputed malice.  In response to those changes, Hernandez filed a new petition for resentencing, this time asserting the jury may have imputed malice to him.  The court again summarily denied the petition, stating it was barred by the denial of Hernandez's first petition.

On appeal, Hernandez contends the trial court erred by denying his petition on the basis it was procedurally barred.  The Attorney General concedes the error.  We agree with the parties that the trial court erred in this respect.  Because the court has not yet meaningfully considered the merits of the petition, we remand the case so it may determine, in the first instance, whether Hernandez is entitled to an order to show cause and an evidentiary hearing.

### FACTS AND PROCEDURAL BACKGROUND

1. ***Hernandez's conviction for second degree murder***

In 2007 the People charged Hernandez with a single count of murder.  A jury convicted Hernandez of second degree murder

---

[1]    References to statutes are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)

and found true allegations that, in the commission of the crime, a principal personally and intentionally used and discharged a firearm causing death and that Hernandez acted to benefit a criminal street gang. The trial court sentenced Hernandez to 40 years to life in the state prison. In 2011, we affirmed Hernandez's conviction. (*People v. Hernandez* (Apr. 25, 2011, B215707) [nonpub. opn.] (*Hernandez I*).)

According to our opinion in Hernandez's direct appeal,[2] around 5:30 p.m. on April 5, 2006, Hernandez drove his gold Toyota Camry down 49th Street in Los Angeles. Two fellow members of Hernandez's gang, known as Rascal and Flaco, were passengers in the car. Mancia was sitting in a parked car with two other people. When Rascal saw them, he said, "What? Who's those fools?" Rascal and Flaco got out of the car. Flaco shot Mancia in the chest, killing him. Hernandez drove the two to Rascal's house and then went home. (*Hernandez I*.)

## 2. *Hernandez's first petition for resentencing*

After Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) took effect, Hernandez filed on April 8, 2019 a petition for resentencing under former section 1170.95. Hernandez asserted he had been convicted of second degree murder "pursuant to the felony murder rule or the natural and probable consequences doctrine" and could not now be convicted of murder because of changes made to sections 188 and 189.

---

[2]    As the truth of the facts of the crime recited in *Hernandez I* are not necessary for our resolution of this appeal, we summarize them only for the basis of Hernandez's conviction. (See *People v. Woodell* (1998) 17 Cal.4th 448, 459–460.)

3

The trial court reviewed the jury instructions as well as the reporter's transcript of the instructions as read to the jury and of closing arguments at Hernandez's trial. The court found Hernandez was not tried or convicted under either the felony murder rule or the natural and probable consequences doctrine. Based on that determination, the court denied the petition.

Hernandez appealed. His appointed counsel filed an opening brief raising no issues and asking this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436. This court affirmed the order denying the petition. (*People v. Hernandez* (July 19, 2021, B309075) [nonpub. opn.] (*Hernandez II*).)

### 3. *Hernandez's second petition for resentencing*

After Senate Bill No. 775 (2020−2021 Reg. Sess.) (Senate Bill 775) took effect, Hernandez filed on January 5, 2022 a new petition for resentencing under former section 1170.95. In this petition, Hernandez checked a box stating an information had been filed against him "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." He also asserted he could "not presently be convicted of murder or attempted murder because of changes made" to sections 188 and 189.

The People filed a response, arguing Hernandez's petition "is barred by the doctrine of collateral estoppel because he has failed to allege some change in law or facts that applies to his petition in a way that he is not merely seeking to re-litigate the same claim he brought previously and which was denied by the Superior Court and thus affirmed by the Court of Appeals."

4

The trial court summarily denied the petition. Analogizing to the procedure for petitions for a writ of habeas corpus, the court stated Hernandez's petition was "a successive claim and constitutes an abuse of the petition process." The court also noted the petition raised issues "which were raised on appeal and rejected," and "the present Petition may be barred by application of Collateral Estoppel." Finally, the court stated there was no reason to believe the recent modifications to former section 1170.95 would alter its decision denying Hernandez's original petition for resentencing.

Hernandez timely appealed.

## DISCUSSION

### 1. *Relevant law*

Senate Bill 1437 took effect on January 1, 2019. (See Stats. 2018, ch. 1015, § 4.) It limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder to ensure a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971 (*Lewis*).)

The Legislature then passed Senate Bill 775 to expand relief to people convicted of manslaughter. As relevant here, the bill also eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. Senate Bill 775 took effect on January 1, 2022. (See Stats. 2021, ch. 551, § 2.)

Individuals convicted of murder or manslaughter under a now-invalid theory may petition to vacate their convictions and be resentenced. (§ 1172.6, subd. (a).) If the petitioner makes a prima facie showing of entitlement to relief, the trial court must

5

issue an order to show cause and hold an evidentiary hearing. At the hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of (in this case) murder under the amended law.  (§ 1172.6, subds. (c), (d)(3).)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 117[2.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis, supra*, 11 Cal.5th at p. 971.) The jury instructions are part of the record of conviction, because the instructions "given at a petitioner's trial may provide 'readily ascertainable facts from the record' that refute the petitioner's showing, and reliance on them to make the eligibility or entitlement determinations may not amount to 'factfinding involving the weighing of evidence or the exercise of discretion,' " which may not take place until after an order to show cause issues.  (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, abrogated on other grounds in *Lewis*, *supra*, 11 Cal.5th 952; see *People v. Estrada* (2022) 77 Cal.App.5th 941, 943–944, 946 [jury instructions showed trial court never instructed the jury on the natural and probable consequences doctrine; summary denial of petition affirmed].)

2.    ***The denial of Hernandez's 2019 petition did not bar his 2022 petition***

The trial court summarily denied Hernandez's 2022 petition, in large part because it raised claims previously presented and rejected in connection with his 2019 petition. Herandez argues the court erred because his 2019 petition asserted only that he may have been convicted under the felony-murder rule or natural and probable consequences doctrine,

6

while his 2022 petition also asserted he may have been convicted under some "other theory under which malice is imputed to a person based solely on that person's participation in a crime." Hernandez contends that, because he sought such relief based on changes to the law made by Senate Bill 775—which went into effect after the court denied his original petition—neither the successive petitions nor collateral estoppel doctrines barred his 2022 petition.

The Attorney General concedes Hernandez's petition was not barred and the court erred by denying it on that basis. Nevertheless, he urges us to affirm the court's order because Hernandez is not entitled to an evidentiary hearing as a matter of law.

We agree with the parties that the trial court erred by summarily denying Hernandez's 2022 petition on the basis that it was barred by the denial of his 2019 petition. (See *In re Martinez* (2017) 3 Cal.5th 1216, 1222 [successive collateral attacks on a judgment are not barred where there has been a change in the law affecting the petitioner]; *Sacramento County Employees' Retirement System v. Superior Court* (2011) 195 Cal.App.4th 440, 452 ["[C]ollateral estoppel will not be applied where there has been a material change in the law."].) However, we decline to determine whether Hernandez is entitled to an evidentiary hearing. In the relatively short time since Hernandez filed his opening brief on appeal, several courts have issued significant decisions that may affect the resolution of that issue. (See, e.g., *People v. Curiel* (2023) 15 Cal.5th 433; *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921; *People v. Lee* (2023) 95 Cal.App.5th 1164; see also *People v. Reyes*

7

(2023) 14 Cal.5th 981.)[3] Given the rapid rate at which this area of the law has been evolving, we think the prudent approach is to remand the case to the trial court so it may decide the issue in the first instance.[4] Doing so will provide the parties an opportunity to address more fully the current state of the law as it applies to Hernandez's petition.

---

[3] We do not mean this to be an exhaustive list. Nor do we mean to suggest we agree with all the cited cases, or that they necessarily are relevant to Hernandez's petition.

[4] Although the trial court noted briefly there is "no reason to believe" Senate Bill 775 would have altered its ruling denying Hernandez's first petition, it does not appear the court meaningfully considered the merits of Hernandez's second petition.

**DISPOSITION**

We reverse the order summarily denying Hernandez's petition and remand the case for the trial court to determine whether to issue an order to show cause and hold an evidentiary hearing. We express no opinion on how the court should decide those issues. On remand, the court shall allow the parties an opportunity to file briefs addressing the current state of the law as it applies to Hernandez's petition.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.